Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck, NY 11021-3104
Telephone: (516) 268-7080
spencer@spencersheehan.com

United States District Court
Southern District of New York                                  7:20-cv-10003

Anthony Waldon, Jason Goldstein, individually and on behalf of all others similarly situated,

      Plaintiffs,

   - against -         Class Action Complaint

Credit One Bank, N.A.,

      Defendant

   Plaintiffs by attorney alleges upon information and belief, except for allegations pertaining to plaintiffs, which are based on personal knowledge:

   1. Credit One Bank, N.A. ("defendant") offers credit card services to Americans ("Service").

   2. Credit One makes a large portion of its annual revenue through add-on fees charged to customers.

   3. Credit One restricts customers from making more than four payments a month, which makes it more difficult for them to pay off their balances.

   4. Credit One frequently fails to post customer payments to their accounts within the required and or expected time frame.

   5. This means that its customers are frequently assessed punitive and onerous late fees.

   6. To avoid these delayed posting times and subsequent late fees, Credit One provides

an option to make an express payment, shown below through its application ("app") on the iPhone.

**Payment Options**

**Standard Payment**
No fee.

[Make Payment]

**Express Payment**
A fee applies in most cases.

[Express Payment]
Opens mobile website

Payments made before 5:00 p.m. Pacific Time will post the same day. **Posting Timeframes**

7. Regulation Z of the Truth in Lending Act prescribes permissible methods for receiving payments on open-end credit accounts. 12 C.F.R. § 1026.10(e). See 15 U.S.C. 1637(l).

8. Generally, a creditor may not impose a separate fee to allow consumers to make a payment by any method, such as mail, electronic, or telephone payments, unless such payment method involves an expedited service by a customer service representative of the creditor.

9. For purposes of § 1026.10(e), the term "expedited" means crediting a payment the same day or, if the payment is received after any cut-off time established by the creditor, the next business day.

10. Service by a customer service representative of a creditor means any payment made to the consumer's account with the assistance of a live representative or agent of the creditor, including those made in person, on the telephone, or by electronic means.

11. Defendant is legally required to refrain from committing unfair, deceptive, or abusive acts or practices in violation of the Wall Street Reform and Consumer Protection Act's (Dodd-

Frank Act) prohibition on engaging in unfair, deceptive, or abusive acts or practices (collectively, UDAAPs) when assessing expedited payment fees.

12. Credit One claims that the express payment will be processed by a live representative.



13. However, after an online customer selects the option to make an express payment, the only "live" interaction they receive is similar to a chatbot which requires they confirm the last four digits of their social security numbers and whether they consent to the express payment fee.

14. The absence of any meaningful or legitimate live representative's role in the express payment process causes harm to customers because it fails to tell them lower-cost alternatives while pushing them into materially higher-cost options.

15. Credit One's acts are abusive because they take unreasonable advantage of a consumer's lack of understanding of the material risks, costs, or conditions of the express payment service and the consumer reasonably relies on Credit One to act in their interests.

16. Credit One failed to inform consumers that it could have used other permitted payment methods to make timely payments and avoid late fees, which is deceptive and harmful to them.

17. Even if Credit One has a live representative overseeing the automated responses to the express payment services, there is no meaningful or legitimate involvement of a live person in this process.

18. Credit One's actions are abusive and unfair and contrary to law in charging its express payment fees to online customers.

19. Plaintiffs seek public injunctive relief and monetary and statutory damages.

## Jurisdiction and Venue

20. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

21. Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

22. Plaintiff Anthony Waldon is a citizen of New York.

23. Plaintiff Jason Goldstein is a citizen of Florida.

24. Defendant Credit One Bank, N.A. is a New York corporation with a principal place of business in Las Vegas, Clark County, Nevada and is a citizen of Nevada.

25. Minimal diversity exists because plaintiffs seeks to represent persons in New York

and Florida who were charged the express payment fee through Defendant's website without any meaningful involvement by a live representative. 28 U.S.C. § 1332(d)(1)(D) ("'the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.").

26. Upon information and belief, Defendant earned more than $5 million from the challenged practices during the applicable statutes of limitations, exclusive of interest and costs.

27. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred here.

28. Venue is further supported because many class members reside in this District.

### Parties

29. Plaintiff Anthony Waldon is a citizen of Poughkeepsie, Dutchess County, New York.

30. Plaintiff Jason Goldstein is a citizen of Delray Beach, Palm Beach County, Florida.

31. Defendant Credit One Bank, N.A. is a nationally chartered bank with a principal place of business in Las Vegas, Nevada, Clark County.

32. During the relevant statutes of limitations for each cause of action alleged, plaintiffs made online express payment fees and were not informed of other options to make their payments and avoid late fees on their cards.

33. Plaintiffs incurred the express payment fees of $9.95 as a result of Defendant's unfair and unlawful actions.

## Class Allegations

34. The class will consist of all customers in New York and Florida who made online express payments without the involvement of any live representative during the applicable statutes of limitations.

35. Plaintiffs seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

36. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiffs and class members are entitled to damages.

37. Plaintiffs' claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

38. Plaintiffs are adequate representative because their interests do not conflict with other members.

39. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

40. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

41. Plaintiffs' counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

42. Plaintiffs seek class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349 & 350</u>
<u>And Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), § 501.201 et</u>
<u>seq, Truth in Lending Act Violations</u>
(Consumer Protection Statutes)

43. Plaintiffs incorporate by reference all preceding paragraphs.

44. Plaintiffs and class members were charged the unlawful and/or abusive and deceptive fees by Defendant.

45. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

46. Plaintiffs relied on the statements, omissions and representations of defendant, and defendant knew or should have informed them that the express payment fees were not their only available options but failed to do so.

47. Plaintiffs and class members paid the express payment fees and seek to recover damages and statutory damages.

<u>Unjust Enrichment</u>

48. Plaintiffs incorporate by reference all preceding paragraphs.

49. Defendant obtained benefits and monies because they failed to adequately review express payment fee requests when made online due to the absence of any meaningful live representative participation in the process.

50. This was to the detriment and impoverishment of plaintiffs and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiffs demand a jury trial on all issues.

**WHEREFORE**, Plaintiffs pray for judgment:

1. Declaring this a proper class action, certifying plaintiffs as representatives and the

undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiffs' attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   November 29, 2020

                                                      Respectfully submitted,

                                                     Sheehan & Associates, P.C.
                                                     /s/Spencer Sheehan
                                                     Spencer Sheehan
                                                     60 Cuttermill Rd Ste 409
                                                     Great Neck NY 11021-3104
                                                     Tel: (516) 268-7080
                                                     Fax: (516) 234-7800
                                                     *spencer@spencersheehan.com*
                                                     E.D.N.Y. # SS-8533
                                                     S.D.N.Y. # SS-2056

7:20-cv-10003
United States District Court
Southern District of New York

Anthony Waldon, Jason Goldstein, individually and on behalf of all others similarly situated,

Plaintiffs,

- against -

Credit One Bank, N.A.,

Defendant

Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
 Great Neck NY 11021-3104
    Tel: (516) 268-7080
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: November 29, 2020

                                   /s/ Spencer Sheehan
                                    Spencer Sheehan